# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 6, 2026

Lyle W. Cayce

Clerk

Summary Calendar
No. 26-40253

Marlondos C. Fields, Sr.,

*Plaintiff—Appellant*,

*versus*

Robbi McCarter, *Principal*; Casey Whittle, *Superintendent*; M. Helan, Career/Life Skills; Whitehouse ISD; Mozell Brown Elementary; Stephanie Gully, Non-Custodial Parent; Bethanie Cody, *Special Education Department*; Eric Little, *Assistant Principal Mozell Brown Elementary*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:26-CV-81

Before Smith, Southwick, and Oldham, *Circuit Judges*.

Per Curiam:[*]

This is an appeal from the district court's order dismissing this suit for failure to state a claim.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 26-40253

Marlondos Fields, Sr., filed this suit in connection with a dispute over a school district's alleged interference with his custody rights to pick up his son at an elementary school. The district court granted Fields leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915. The case was referred to a magistrate judge, who, recognizing deficiencies in the original complaint, ordered Fields to amend his complaint and warned that failing to properly replead would result in dismissal. Fields filed an amended complaint. The magistrate judge recommended dismissal because the amended complaint failed to state a claim on which relief could be granted, as the amended complaint invoked only a Texas criminal statute as supplying the cause of action. Fields filed a document that purported to be an objection to the report and recommendation, though it almost exclusively provided an outline of a future complaint that Fields would file if the district court instead granted a new motion to amend — the motion appearing for the first time in the objection.

The district court adopted the magistrate judge's report and recommendation, entering a final judgment of dismissal with prejudice. Fields timely appealed.

Federal Rule of Civil Procedure 72(a) states that a "party may not assign as error a defect in the order not timely objected to." FED. R. CIV. P. 72(a). We agree with the district court that Fields did not provide specific objections to the magistrate judge's report and recommendations. Fields is correct that we allow *pro se* litigants like him more leeway in navigating pleading requirements, but we see nothing in this document that would amount to an objection. Thus, we review the district court's dismissal for clear error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

On appeal, Fields argues that the district court erred by improperly denying his motion to amend his complaint and dismissing his suit. The brief

No. 26-40253

does not contend that the magistrate judge's and the district court's holdings that there was no "claim on which relief may be granted" in the complaint was error. § 1915(e)(2)(B)(ii). Fields simply argues that the district court should have granted him leave to amend his complaint. The magistrate judge's judgment that Fields had no claim on which relief may be granted is not, on its face, clearly erroneous.

AFFIRMED.